902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold Benson ELLIS, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5275.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1990.
 
 Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant appeals the denial by the United States District Court for the Eastern District of Tennessee of his motion pursuant to 28 U.S.C. Sec. 2255, to vacate, set aside, or correct his sentence following judgment entered pursuant to a guilty plea, in which appellant was sentenced, inter alia, to a term of 20 years, without eligibility of parole, for engaging in a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848, specifically, possessing and distributing cocaine and marijuana. Appellant was charged with operating a continuing criminal enterprise by possessing with the intent to distribute cocaine and marijuana, by using communication facilities, by conspiring with at least five other persons, and by occupying the position of organizer and supervisor and/or manager from which he obtained substantial income and resources. Appellant and several others were charged with conspiracy to possess with intent to distribute cocaine and marijuana. Appellant and several others were also charged in 110 counts, of which 80 involved appellant, with use of communication facilities to facilitate the possession and distribution of cocaine and marijuana. Finally, appellant and several others were charged with aiding and abetting and with possession with intent to distribute cocaine and marijuana.
 
 
 2
 Appellant retained counsel Robert Crawford Sr. and on October 9, 1984, at arraignment, entered a plea of not guilty. After Crawford filed and diligently pursued numerous motions to obtain discovery, to raise viable defenses, and to suppress evidence, appellant conferred with Crawford and decided to enter into a plea bargain agreement.
 
 
 3
 At a rearraignment hearing held on December 3, 1984, at which appellant was represented by counsel, appellant testified under oath that he understood that false answers would subject him to penalties of perjury. He stated that he was a little hard of hearing to which the court responded by speaking louder and being certain appellant understood the questions. Appellant entered a plea of guilty to operating a continuing criminal enterprise and agreed with the prosecution's summary of "what [he] did with regard to Count 1 of the indictment," which was an overwhelming listing of evidence that could have been used at trial.
 
 
 4
 Appellant also testified that he had been advised by his attorney of the nature, meaning, and cause of the charge of a continuing criminal enterprise and that he understood it. He also testified that he had been advised of defenses to the charge, that he had had ample time to confer with his attorney, and that he was satisfied with the advice he was given and with Crawford's representation generally. The maximum penalty was then described by the United States Attorney to include a minimum of ten years and up to life imprisonment and that "any term imposed by this court should not be suspended, probated or paroled." Appellant thereupon confirmed his intent to enter a plea of guilty.
 
 
 5
 The United States Attorney then described the plea agreement in which the parties had agreed to a sentence "not to exceed a 20-year sentence," and that in exchange for full cooperation and truthful testimony, "the Government has stated that it would inform the sentencing judge and also would inform the Bureau of Prisons and the United States Parole Board concerning his cooperation."
 
 
 6
 The presentence report indicated that the "Ellis organization" had also been associated with and was being investigated for "contract arson for profit, organized gambling, organized prostitution, fencing of stolen merchandise, and corruption activities within the Chattanooga City Police Department and the Hamilton County Sheriff's Department." Appellant also had a record of previous convictions for several misdemeanors. Appellant admitted that the reason he had no previous felony convictions was because of contacts and influence with local police departments.
 
 
 7
 Of particular importance in this case, the presentence report stated the following:
 
 
 8
 Supervision Plan. It is unlikely this defendant will ever be under the supervision of a Probation Officer. By law, imposition or execution of sentence cannot be suspended in this case and probation cannot be granted. According to the U.S. Parole Commission's Rules and Procedures Manual, 2.2-04, offenders sentenced under this section are not eligible for parole.
 
 
 9
 Special Sentencing Provisions. Adult sentencing provisions apply in this case. As previously stated, imposition or execution of sentence shall not be suspended and probation shall not be granted. The defendant is not eligible for parole.
 
 
 10
 At the sentencing hearing, appellant agreed that he and his attorney had read and studied the report, and that he accepted it with minor corrections as accurate.
 
 
 11
 The United States Attorney stated that appellant had fully cooperated and that he would "in my post-sentence report to the Bureau of Prisons and to the Parole Division, furnish in writing the essence of my comments on the record today in support of that." The United States Attorney also informed the court he intended to recommend that a sentence resulting from pending tax charges be served concurrently with the sentence in the instant case.
 
 
 12
 Appellant once again affirmed to the court that he understood the ramifications of his guilty plea and that his attorney had fully explained the substance and consequences of the contemplated guilty plea. The court thereupon accepted the plea agreement and sentenced appellant to a term of imprisonment for twenty years, fined him $50,000, and enforced the forfeiture of $7,966.50 in cash to the Tennessee Bureau of Investigation and two automobiles to the United States. The court declared all other counts to be "nolle pros" as to appellant.
 
 
 13
 On May 22, 1985, pursuant to Fed.R.Crim.P. 35, appellant filed a motion to reduce sentence. In an accompanying letter, appellant stated, "at my age, I'm seeking an earlier release than the manitory [sic] 6 years, and 8 months provided for under the law." In its answer to the motion filed June 4, 1985, the government stated:
 
 
 14
 3. The United States would further state that it has submitted to the United States Parole Board and the Bureau of Prisons a Report on Convicted Prisoner outlining the defendant's previous cooperation and continuing cooperation with law enforcement agencies involved in the continuing investigation. It is assumed that the Parole Board and other appropriate officials will take these factors into consideration concerning any future determinations pertaining to the defendant's sentence.
 
 
 15
 The motion was denied July 18, 1985.
 
 
 16
 Appellant subsequently entered a guilty plea to income tax evasion and was sentenced to five years imprisonment to be served concurrently with the sentence in the instant case.
 
 
 17
 On December 17, 1987, appellant filed this Sec. 2255 motion and on May 5, 1988, filed a supplement to the motion. After an answer and reply, the motion was denied without hearing on December 27, 1988. This appeal followed.
 
 
 18
 Appellant now charges that his counsel failed to inform him that he would not be eligible for parole for the crime to which he entered a guilty plea and that counsel provided him no assistance at his sentencing hearing, consequently he received ineffective assistance of counsel. In addition, appellant argues that counsel's failure to inform him of his ineligibility for parole, combined with the express words used by the United States Attorney at the rearraignment and appellant' statement in his motion to reduce sentence, confirmed that his guilty plea was not entered knowingly and voluntarily. Finally, appellant contends that the United States Attorney's promise to inform the parole commission of his cooperation pursuant to the plea agreement was a promise of no value since he was ineligible for parole, thus constituting the equivalent of a breach of the plea agreement.
 
 
 19
 Upon review of the appellant's assignments of error, the record in its entirety, the briefs of the parties, and the arguments of counsel, this court concludes that the assignments of error are without merit and the judgment of the district court is AFFIRMED for the reasons stated in the opinion of Judge Edgar filed December 27, 1988.